IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST     )
FROM LATVIA                 )
IN THE MATTER OF            )    Misc. No. 06-
MAKARENKO                   )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Latvia. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Latvian authorities who are investigating a case of alleged seizing of personal property without an official court order.

EVIDENCE SOUGHT:

The Latvian authorities seek information from the Delaware Secretary of State's Office and a company in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Latvia and

hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 8/21/06



# LATVIJAS REPUBLIKAS PROKURATŪRA
## ĢENERĀLPROKURATŪRA

Reģ.Nr. 90000022859, Kalpaka bulvārī 6, Rīgā, LV-1801
tālr. 7044400, fakss 7044449, e-pasts: gen@lrp.gov.lv

**RIGA**

August "*10*", 2005
Our ref.: 1/1-4-160-05
(please repeat when responding)

Office of International Affairs
Criminal Division
United States Department of Justice
Washington, D. C. 20530

Subject: **Mutual Legal Assistance Request**

Enclosures: Request for Assistance in Criminal Case No.11094069203 made on July 14, 2005 by Prosecutor's Office of Riga City Vidzeme District (accompanied by translation from Latvian into English)

Dear Madam or Sir,

      The Central Authority of the Republic of Latvia with reference to the *Treaty Between the Government of the United States of America and the Government of the Republic of Latvia on Mutual Legal Assistance in Criminal Matters* of June 13, 1997 has the honor of requesting assistance.
      You are kindly requested to intercede with the appropriate authorities in order to execute the enclosed request.
      Please notify us about the outcome. Thank you in advance for your cooperation with this request.

Yours faithfully,

**Latvijas Republikas Ģenerālprokuratūra**

1 0 -08- 2005

Nr. _____

Deputy Prosecutor General of the Republic of Latvia      Juris Pēda

*Translated from Latvian*

PROSECUTOR'S OFFICE OF THE REPUBLIC OF LATVIA

# PROSECUTOR'S OFFICE
# OF RIGA CITY VIDZEME DISTRICT

Reg. No. 90000022859, Dzirnavu iela 113, Riga, LV-1001
Telephone: 7044616, Fax: 7044729, e-mail: vidzemesprp@lrp.gov.lv

**Riga**

14 July 2005
No. _____

To: Competent Institution
of the United States of America

*Request for Legal Assistance
in the Criminal Case No. 11094069203*

The record keeping office of Riga City Vidzeme District Prosecutor's Office of the Republic of Latvia is processing the Criminal Case No. 11094069203, initiated on 31 October 2003 at 28th Police Division of Riga Main Police Department in accordance with offence indications under part 2 of Article 279 of the Latvian Criminal Law, for commitment of an arbitrary act on 21 October 2003, at the premises of the company "Medimpex L.L.C.", Room No. 402, Kr. Valdemara iela 149, Riga, evading the procedure prescribed in the normative act and causing material losses at the amount of Ls 11875,40.

### Article 279 of the Criminal Law.
### Arbitrariness.

(1) For commitment of an arbitrary act by evading the procedure prescribed in the normative act, if rule of the law in respect of this act is impugned by a state or local government institution or other person, and if material injury has been caused as a result of this act, -
a sentence of up to one year of imprisonment or arrest, or forced labour, or a fine of up to fifty minimum monthly wages is imposed;
(2) For commitment of the same acts if committed repeatedly or by a group of persons under a preliminary agreement, or if they involve violence or assault, or have caused losses at a large amount, -
a sentence of up to five years of imprisonment or arrest, or a fine of up to one hundred minimum monthly wages is imposed;
(3) For commitment of the same acts if they involve the use of a weapon or explosives, -
a sentence of up to eight years of imprisonment is imposed.

During pre-trial investigation it was clarified, that Vadims Makarenko committed arbitrary acts, evading the procedure prescribed in the normative act, if rule of the law in respect of this act is impugned by a person, and losses at a large amount have been caused as a result of this act, namely:

Translated by Andrejs Līcis

On 21 October 2003 at about 5 p.m., wishing to put into effect his rights to movable property Vadims Makarenko arrived at Kr. Valdemara iela 149, Riga, and without permission and consent of tenants of the above premises Vadims Lisenkovs, Pavels Veretennikovs, authorised person by the LLC "Medimpex LLC", Aleksandrs Voroznevs and Dmitrijs Petrocenko, director of LLC "Lumar", together with his employees A. Kozirevs, I. Kalnins, A. Kotovs, J. Golubevs, A. Sergejevs and four security guards from "Evor" entered Room No. 402 at Kr. Valdemara iela 149, Riga.

Vadims Makarenko, with his employees and security guards committed an arbitrary act, that is, without a judgement by the court, against the procedure prescribed in the Civil Law under which protection and restoration of a possession can only be claimed at court, entered the above premises and took out the documents owned by Vadims Lisenkovs, the goods owned by Pavels Veretennikovs at the value of Ls 32, the goods owned by Aleksandrs Vorznevs at the value of Ls 1000, and the goods owned by Dmitrijs Petrocenko at the value of Ls 10843,40.

To reach the above goods which were located in the premises of office No. 402 at Kr. Valdemara iela 149, Riga, V. Makarenko on 21 October 2003 presented to the house manager G. Skorinkins, director of the LLC "Investīciju konsultanti" (Investment Consultants), the power of attorney issued in the United States of America by Rasma Moors, Chairperson of the Board of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) and certified on 1 October 2003 by notary Garri Milman, with registration No. ▓▓▓▓ in that way verifying his rights to further act on behalf of the company "Medimpex L.L.C." and to take possession of the property owned by the company, which was located in the above premises. On the grounds of this document the house manager opened the door and allowed Vadims Makarenko and his employees to enter the premises of office No. 402, at Kr. Valdemara 149, Riga, at that moment taken on lease by the company "Medimpex L.L.C.", and to take out the above property at the total value of Ls 11875,40.

In that way, as a result of arbitrary acts committed by Vadims Makarenko, by evading the procedure prescribed in the law, material losses at the total value of Ls 11875,40, that is, at a large amount, were caused to victims.

By his acts Vadims Makarenko committed a crime provided for in part 2 of Article 279 of the Latvian Criminal Law, whereof Vadims Makarovs, identity number ▓▓▓▓ on 17 December 2003 was brought to criminal trial.

In the course of investigation transparency copies of 24 October 2003 certifications No. ▓▓▓▓ and No. ▓▓▓▓ by Gari Milman, notary of the state of New York, USA were obtained, and it follows from their content that signature on the notarial certification by which on 29 _ 2003 the signature of Rasma Moors, Chairperson of the Board of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) on the document executed in Latvian and titled "Universala pilnvara" was certified, is not his signature. The above-mentioned fact arises doubt whether there was a power of attorney with registration No. ▓▓▓▓ issued in the United States of America on behalf of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) and certified on 1 October 2003 by notary Garri Milman, which entitled V. Makarenko to further act on behalf of the company "Medimpex L.L.C." and to take possession of the property owned by the above company, which was located in the above premises.

In order to perform investigation in this criminal case completely, from every point of view, and by objective considerations, it is necessary to clarify whether Rasma Moors, Chairperson of the Board of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) has issued the power of attorney with registration number ▓▓▓▓ certified on 1 October 2003 by notary Garri Milman.

Translated by Andrejs Līcis

On the grounds of the abovementioned, we kindly ask you to perform the following:
1) To interrogate Rasma Moors as a witness, who on 1 October 2003 on behalf of chairperson of the board of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) issued the power of attorney to Vadims Makarenko and Jolanta Vadopalasa. During interrogation to ask her the following:

- from when until when she was (has been) chairperson of the board of the company "Medimpex L.L.C.",
- whether she has signed the power of attorney issued to Vadims Makarenko and Jolanta Vadopalasa, the copy of which is enclosed to the request for legal assistance (Annex No.1),
- whether she knows the person Vadims Makarenko, identity number ▇▇▇▇▇▇
- where and under what conditions the above power of attorney was translated into Latvian.

2) To request and receive transparency copy of the power of attorney with registration No. ▇▇▇▇, issued by Rasma Moors, Chairperson of the Board of the company "Medimpex L.L.C." (15 East North street, Dover, DE, 19901, USA) and certified on 1 October 2003 by notary Garri Milman;
3) To request information from notary Garri Milman about who and when has received copies of the above power of attorney.

Enclosure: Copy of the above power of attorney, on 2 pages;
Transparency copies of certifications No. ▇▇▇▇ and No. ▇▇▇▇ by notary Gari Milman, on 6 pages.

Yours sincerely,

Prosecutor,
Prosecutor's Office of Riga City Vidzeme District          (signature)          V. Krams

Telephone: 7044665

Translated by Andrejs Līcis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM LATVIA ) | |
| IN THE MATTER OF ) | Misc No. 06-156 |
| MAKARENKO ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Latvia whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Latvia and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Latvian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Latvia, which procedures may be specified in the request or provided by the Latvian authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Latvian authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2006.


_____
United States District Court Judge